IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,   *

    Plaintiff,   *

v.   *   Civil Action No. 8:21-cv-00218-PX

INNOVATION HOSPITALITY   *
GROUP, *et al.*,
       *
    Defendants.
    ***

# MEMORANDUM OPINION

Pending before the Court is Plaintiff Choice Hotels International, Inc. ("Choice Hotels")'s motion for summary judgment. ECF No. 27. Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, the Court GRANTS Choice Hotels' motion and ENTERS judgment as requested.

## I. Background

Choice Hotels is a Delaware corporation with a principal place of business in Rockville, Maryland. ECF No. 23 ¶ 1. As a hospitality franchisor, Choice Hotels' business model involves licensing its intellectual property—including the use of recognizable brand names like Quality Inn & Suites—to franchisees pursuant to written franchise agreements. *Id.* On December 30, 2017, Choice Hotels entered into such an arrangement pursuant to a Franchise Agreement with Defendants Innovation Hospitality Group, LLC ("Innovation Hospitality"), Mohammed Hmeidan ("Hmeidan"), and Ganesh Rao ("Rao") (collectively "Defendants"). *See* ECF No. 27-1 at 1. Under the Franchise Agreement, Defendants were granted a license to own and operate an 86-room hotel in Northwood, Ohio under the Quality Inn & Suites name. *Id.*

As payment for the licensing arrangement, the Franchise Agreement specified that

Defendants were required to pay Choice Hotels a $20,000.00 affiliation fee. *See* ECF No. 27-1 at 3. The Franchise Agreement specified that the affiliation fee was "fully earned and non-refundable . . . whether or not you open the Hotel." *Id.*

Rather than pay the full affiliation fee upfront, Defendants made an initial payment of $2,500.00 and executed a Promissory Note for the $17,500.00 balance. *See* ECF No. 23 ¶ 7; ECF No. 27-3. The sum of the Promissory Note was due in full to Choice Hotels on January 30, 2018. *See* ECF No. 27-3. Defendants Hmeidan and Rao also entered into a separate Guaranty agreement wherein they guaranteed "that all of [Innovation Hospitality's] obligations . . . will be punctually paid and performed. ECF No. 27-2 at 1. Additionally, the Franchise Agreement included a mandatory arbitration provision for "any controversy or claim arising out of or relating to [the Franchise] Agreement or any other related agreements." *See* ECF No. 27-1 at 22.

If Defendants defaulted on their obligations, the Franchise Agreement also required payment of $108,360.00 in liquidated damages pursuant to predetermined calculations. *See* ECF No. 27-1 at 14. Rao maintains that Choice Hotels waived liquidated damages by separate agreement. On this point, Rao produces an email dated December 29, 2017 from Choice Hotels' Director of Franchise Development, Erick Estrada ("Estrada"). *See* ECF No. 11-1. Estrada proposes an alternative arrangement whereby Defendants would pay a $25,000.00 affiliation fee and $20,000.00 would be refundable if Defendants failed to open the hotel. *See id.* But there is no evidence that the parties ever agreed to this alternate plan. Instead, the day after that email exchange, the parties entered into the Franchise Agreement (ECF No. 27-1), Guaranty (ECF No. 27-2), and Promissory Note (ECF No. 27-3), which required a $20,000.00 non-refundable affiliation fee, with $2,500.00 due immediately.

Defendants never paid the $17,500.00 balance on the Promissory Note. Consequently,

2

Choice Hotels issued a notice of default to Defendants on February 7, 2018, urging Defendants to cure the default within 10 days. *See* ECF No. 27-4. Because Defendants did not cure the breach within the allotted time, Choice Hotels sent Defendants a notice of termination on April 2, 2018. *See* ECF No. 27-5. Then, on September 26, 2019, Choice Hotels initiated arbitration proceedings. *See* ECF No. 31 at 2. A preliminary hearing was conducted on December 11, 2019, but Defendants did not attend, despite receiving notice of the hearing. *See* ECF No. 31 at 2. On February 21, 2020, the arbitrator found in favor of Choice Hotels and awarded $134,935.00 in damages. *Id.*

On January 26, 2021, Choice Hotels next brought suit in this Court to confirm the arbitration award. ECF No. 1.[1] Rao answered the Complaint on October 12, 2021, contesting the arbitration award. *See* ECF No. 11. Hmeidan sought two extensions of time (ECF Nos. 5 & 9), both of which the Court granted (ECF Nos. 7 & 10). Yet Hmeidan did not answer the Complaint, and Defendant Innovation Hospitality has not appeared or defended in this action at all. The Clerk accordingly entered default as to Hmeidan and Innovation Hospitality on November 9, 2021. *See* ECF No. 12.

Choice Hotels moved for summary judgment on February 2, 2022. Rao timely responded, and Hmeidan responded in opposition on February 18, 2022 even though he had previously defaulted.[2]

---

[1] Choice Hotels later sought leave to amend the Complaint to reflect that the corporate Defendant's name was "Innovation Hospitality Group, LLC". *See* ECF No. 17. It had previously been misidentified in the Complaint as "Innovative Hospitality, LLC." The Court granted leave, and Choice Hotels filed an Amended Complaint. *See* ECF Nos. 22 & 23.

[2] Choice Hotels has not moved to strike Hmeidan's response in opposition. The Court thus considers Hmedian's arguments.

## II.      ANALYSIS

Section 9 of the Federal Arbitration Act ("FAA") provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  Review of an arbitration award is "severely circumscribed" because a more expansive review would "frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation."  *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 194 (4th Cir. 1998).  Section 12 of the FAA requires parties seeking to "vacate, modify, or correct an award" to provide notice to the adverse party "within three months after the award is filed or delivered."  9 U.S.C. § 12.  "A motion to vacate filed or served after this three-month period is time barred."  *Chase v. Nordstrom, Inc.*, No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17, 2010).

Choice Hotels initiated this suit within one year of receiving the arbitration award.  *Compare* ECF No. 1 *with* ECF No. 31.  The arbitration itself took place in Maryland.  *See* ECF No. 23 ¶ 14.  Additionally, the parties are of diverse citizenship and the amount-in-controversy exceeds $75,000.00, so this Court may properly exercise diversity jurisdiction over this action.  *See* ECF No. 23 ¶¶ 1–4; ECF No. 27 at 6; 28 U.S.C. § 1332.

Because the arbitration award was filed on February 21, 2020, Defendants had until May 21, 2020 to challenge the award.  *See* 9 U.S.C. § 12.  Defendants failed to do so.  And although Choice Hotels' motion for summary judgment expressly asserted that Defendants were time-barred from challenging the award, *see* ECF No. 27 at 5–6, Rao and Hmeidan did not substantively respond to this argument at all, which strongly suggests they have conceded the

issue. Thus, Choice Hotels is correct that the time for challenging the award has come and gone. On this basis alone, the award must be confirmed.

Alternatively, Choice Hotels would be entitled to confirmation of the arbitration award even if the challenge was timely. *But see Parsons, Brinckerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors*, 647 F. Supp. 2d 587, 594 (D. Md. 2009) ("The Fourth Circuit has strongly intimated—but has stopped short of explicitly holding—that there are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act.") (citation omitted). The dispute clearly arises from the Franchise Agreement, thus triggering the mandatory arbitration clause, and no evidence suggests that the Franchise Agreement is invalid. Accordingly, this Court's review of the arbitration award would be limited to determining whether the award was procured by corruption, fraud, or undue means; whether the arbitrator exhibited partiality or misconduct; whether misconduct on the part of the arbitrator prejudiced the rights of one of the parties; or whether the arbitrator exceeded his powers. *See* 9 U.S.C. § 10(a).

Rao and Hmeidan seem to argue that the Choice Hotel agreement is somehow null and void, but that if it is valid, the agreement does not provide for liquidated damages. *See generally* ECF Nos. 28 & 29. No evidence supports either argument. In fact, the Franchise Agreement, Guaranty, and Promissory Note make clear that the proposal made by Estrada in the December 29th email was never acted upon. Accordingly, there is no basis under 9 U.S.C. § 10 to vacate the award.

Regarding the award amount to be confirmed, it is comprised of $17,500.00 for the unpaid promissory note; $108,360.00 in liquidated damages; and $9,075.00 in arbitration-related fees (totaling $134,935.00). *See* ECF No. 31 at 3. Because Choice Hotels has properly

supported its damages request with evidence beyond the four corners of the Complaint (ECF Nos. 1-2, 27-1, 27-2, 27-3, 27-4, 27-5, 31), the arbitration award amount is confirmed entirely.

Choice Hotels also requests reimbursement of $400.00 in court costs, plus post-judgment interest until the judgment is satisfied. Because the cost of bringing this action was requested in Choice Hotels' initial application and is not otherwise barred, the Court will order this relief. *See* Fed. R. Civ. P. 54(c); Fed. R. Civ. P. 45(d)(1). Post-judgment interest, however, is awarded by operation of law, not by Court order. *See* 28 U.S.C. § 1961(a); *Choice Hotels*, 2012 WL 5995248 at *4. The Court therefore will not include post-judgment interest as part of the damages award.

### III.  CONCLUSION

To summarize, the Court GRANTS Choice Hotels' Motion for Summary Judgment to Confirm Arbitration Award (ECF No. 27). Choice Hotels is therefore AWARDED $135,335.00.

A separate Order follows.

| | |
|---|---|
| April 12, 2022 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |